BOSTON & SALEM ICE COMPANY *vs.* ROYAL INSURANCE
COMPANY.

NATHANIEL ADAMS *vs.* PARK FIRE INSURANCE COMPANY.

SAME *vs.* SUFFOLK FIRE INSURANCE COMPANY.

A policy of insurance upon goods will not be discharged by an executory contract for the sale thereof, and by the receipt of a portion of the purchase money, if the title to them at the time of the loss remains in the person insured; and his right to recover will not be limited to the balance of purchase money remaining due.

THREE actions of contract upon policies of insurance issued by the several defendants upon the stock of ice of the Boston and Salem Ice Company, referred to in the preceding case, two of the policies being made payable to Nathaniel Adams. The facts showing the title to the ice and the circumstances under which it was destroyed are also stated in the preceding case. Upon facts agreed in the superior court, judgments were rendered for the plaintiffs for the full amount of the several insurances; and the defendants appealed to this court.

*D. Foster & J. C. Davis,* for the defendants, besides cases cited in the preceding case, cited *Dadmun Manuf. Co.* v. *Worcester Ins. Co.* 11 Met. 429; *Edmands* v. *Mut. Safety Ins. Co.* 1 Allen, 311; *Shotwell* v. *Jefferson Ins. Co.* 5 Bosw. 247; *Ætna Ins. Co.* v. *Tyler,* 16 Wend. 397; *Tarling* v. *Baxter,* 6 B. & C. 360; Angell on Ins. § 66.

*N. Morse,* for the plaintiffs.

HOAR, J. The question at issue in these cases is settled by the judgment of the court in *Weed* v. *Boston & Salem Ice Company, ante,* 377. When the ice was destroyed, it was the property of the Ice Company; and though they had made a contract to sell it to Weed, and had received an instalment of the purchase money, the property had not passed; it remained at their risk; and when the execution of the contract became impossible, they were bound to refund what had been paid to them, as money received on a consideration which had failed. *Res perit domino.* The plaintiffs' interest was as great at the time of the

loss as at the time when their policies were effected; and they are entitled to recover to the full extent of their claim.

*Judgment according to the agreement in each case for the full amount of the insurance, interest and costs.*